IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MARTIN MARIETTA MATERIALS, INC.** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | Case No. _____ |
| § | |
| **ANDERSON EAM, LLC** § | |
| § | |
| **Defendant.** § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Martin Marietta Materials, Inc. ("Martin Marietta" or "Plaintiff") files this Complaint against Defendant, Anderson, EAM, LLC ("Anderson" or "Defendant") as further set forth below:

## PARTIES

1.  Martin Marietta is incorporated under the laws of the State of North Carolina with its principal place of business located at 2710 Wycliff Road, Raleigh, North Carolina. Accordingly, Martin Marietta is a citizen of the State of North Carolina.

2.  Anderson is a limited liability company presumed to be organized and existing under the State of Texas, with its principal place of business is located at 10864 Signal View Hill, Austin, Texas 78739. Anderson's sole member is Dan Anderson, presumed to be a resident of the State of Texas and whose address is 10684 Signal Hill View, Austin, Texas 78737. Through the Texas Secretary of State, Anderson has designated William T. Peckham as its registered agent in Texas for service of process. Accordingly, service may be affected through Mr. Peckham at 1104 Nueces St, Suite 104, Austin, Texas 78701.

## JURISDICTION AND VENUE

3. **Jurisdiction.** This is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332 as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00. Specifically, Martin Marietta is a citizen of the State of North Carolina, and Anderson is a citizen of the State of Texas. Additionally, this suit concerns a construction contract worth over $1.75 million dollars, the breach of which by Anderson has caused Martin Marietta to suffer several hundred thousand of dollars' worth of damage.

4. **Venue.** Pursuant to 28 U.S.C. § 1391(b)(2) venue is proper in the Western District of Texas, San Antonio Division, as a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action, is situated in Comal County, Texas. The parties' Contract further provides that "each party submits to personal jurisdiction in any federal district court in the State in which the Property is located and waives all objections as to venue, inconvenient forum, and the like…"

## FACTUAL BACKGROUND

5. Plaintiff is a national supplier of building materials, including cement. Plaintiff operates a cement plant near Hunter, Texas in Comal County (the "Project Site"). In 2017, Plaintiff executed an Engineering Procurement Construction Contract (the "Contract") with Defendant to construct a new Synthetic Gypsum Feeder System (the "Work") at the Project Site. A copy of the Contract is attached hereto as Exhibit A.

6. The Work to be performed by Defendant as specified in the Contract included the engineering design and construction of a screw conveyor system to transport gypsum, a component commonly used in the production of cement, at the Project Site. All materials and equipment furnished under the Contract were to be of the best quality and new unless permitted by Plaintiff.

7. A Performance Guarantee was included in the Contract and contained the performance standards that the equipment and systems must meet for material load feed rate and noise. Defendant represented it could meet these standards and agreed to a one-year Warranty for the Work.

8. Almost immediately, the Work failed. Specifically, when Plaintiff operated the feeder system at even a reduced capacity, failure occurred in the gearboxes, spur gears, and chain drives. Upon investigation, Plaintiff discovered that the gearboxes, spur gears and chain drives were undersized and not capable of handling the horsepower required to meet the material load feed rate specified in the Contract.

9. Upon further investigation, to make matters worse, Plaintiff discovered that the gearboxes were remanufactured and not of new quality as specified in the Contract. In fact, the dates of manufacture on the gearboxes show they were all between 23 and 33 years old.

10. Accordingly, Martin Marietta was forced to replace the failed equipment with new units rated at the correct capacity.

11. Additionally, because of these failures, the Work experienced significant delays in becoming operational. The Contract provided that time was of the essence and Defendant was to meet completion by benchmark dates, subject to permitted delays defined in the Contract. The Contract includes a liquidated damages clause for failure to meet completion on time. Defendant failed to complete the Contract as required and is therefore subject to liquidated damages.

12. Additionally, Defendant is liable other delay-related injuries that Plaintiff has suffered. For example, for each day the system was non-operational, Plaintiffs lost several thousand dollars' worth of productivity.

13. Plaintiff made demand on Defendant to repair its work. Defendant has failed to make the necessary repairs. Yet, Defendant continues to seek payment for its deficient and non-compliant Work after being notified of the failures described herein.

14. Defendant has also allowed liens to be filed on the Project Site in excess of $270,000.  Despite its contractual obligation to pay subcontractors, Defendant failed to pay two subcontractors more than $50,000, and liens have been asserted.  Additionally, despite the failure of its Work and breach of the Contract, Defendant has filed its own lien against the project in an amount of nearly $220,000.

## COUNT I
## BREACH OF CONTRACT

15. Paragraphs 1 through 14 of this Complaint are incorporated herein by reference.

16. Defendant entered into the Contract with Plaintiff as described herein.  Defendant breached such Contract by failing to construct the Work in accordance with the specifications, provide new components, and meet the completion dates required.

17. Defendant breached the Performance Guarantee by failing to meet the standards specified for the equipment furnished, timely installation of same, and remedy of defects.

18. Defendant breached the Contract by failing to pay subcontractors on the project.

19. Defendant's breach of contract proximately caused damage to the Plaintiff in an amount expected to exceed $500,000.00.  All conditions precedent have occurred or have been met.

## COUNT II
## BREACH OF WARRANTY

20. Paragraphs 1 through 14 of this Complaint are incorporated herein by reference.

21. Defendant made numerous express and implied warranties to Plaintiff regarding the Work, including, but not limited to, the quality and characteristics of the materials used in the construction of the conveyor belt system.  Defendant knew or had reason to know that Plaintiff was relying on Defendant's skill, expertise, and judgment to have a properly designed and constructed system built in accordance with the plans and specifications, and in a good and workmanlike manner that, at a minimum, complied with industry standards and reflected the quality of work performed by one who has the knowledge, training, and experience necessary for the successful practice of the trade.  Plaintiff relied on these warranties to its detriment.

22. Defendant's design and construction of the Work wholly failed to comply with the express and implied warranties provided to Plaintiff.

23. Defendant's failure to comply with its warranties proximately caused Plaintiff to suffer actual damages in an amount within the jurisdictional limits of this Court, for which Plaintiff seeks judgment against Defendant.

## COUNT III
## FRAUD

24. Paragraphs 1 through 14 of this Complaint are incorporated herein by reference.

25. Defendant made numerous representations of existing material facts to Plaintiff, including, but not limited to, the quality and characteristics of the components used in construction of the Work, and promises and agreements which they had no intention of fulfilling. Defendant represented that the gearboxes would be of the best quality and new. These representations were false and material.  Upon information and belief, Defendant knew these representations were false,

or at a minimum, these representations were made recklessly without knowledge of the truth. Defendant made these representations with deliberate disregard for the truth. Defendant intended that Plaintiff rely on these representations; and Plaintiff did in fact rely on Defendant's false representations by entering into the Agreement.

26. As a result, Plaintiff has suffered damages and are entitled to recover from Defendant actual damages, attorneys' fees, costs of court, and pre- and post-judgment interest. Plaintiff are also entitled to recover exemplary and punitive damages because Defendant' conduct was malicious, fraudulent and intentional.

## COUNT IV
## FRAUD IN THE INDUCEMENT OR ALTERNATIVELY, NEGLIGENT MISREPRESENTATION

27. Paragraphs 1 through 14 and 24 through 26 of this Complaint are incorporated herein by reference.

28. Defendant either fraudulent or negligently made representations to Plaintiff with the intent that Plaintiff rely on those representations. Those representations were false. Plaintiff relied on these false representations to their detriment. As a result of Defendant' false representations, Plaintiff have suffered actual damages. Also, Defendant' acts and omissions are the type for which exemplary damages are appropriate.

29. Plaintiff are entitled to recover damages including actual damages, exemplary damages, attorneys' fees, court costs, and pre- and post-judgment interest.

## COUNT V
## NEGLIGENCE

30.     Paragraphs 1 through 14 of this Complaint are incorporated herein by reference. This claim is in the alternative to Count One.

27.     Defendant owed Plaintiff a duty to perform its services with the care, skill, expedience, and faithfulness that persons of ordinary prudence in the engineering and construction business would have exercised under the same or similar circumstances.

28.     Defendant's substandard services, including, but not limited to, Defendant's failure to properly design, procure, and install the equipment in accordance with the plans, specifications, and usual and customary standards; failure to construct the Work within the time specified in the Contract; and failure to correct defects in workmanship in the construction of the Work once those defects became known to Defendant constitute a breach of Defendant's duty to Plaintiff. Defendant's failure to perform reasonable and necessary work in accordance with industry standards, either as the party directly responsible for completion of the work or as the party responsible for supervising and managing completion of the work by and through its subcontractors, resulted in foreseeable damage to the Project Site.

29.     Plaintiff was forced to make extensive repairs to the Work that were damaged as a result of Defendant's negligence at its own expense.

30.     Each of the foregoing acts, among others, constitute negligence that proximately caused Plaintiff to suffer actual damages in an amount within the jurisdictional limits of this Court, for which Plaintiff seek judgment against Defendant.

31.     Furthermore, each of the foregoing acts, among others, demonstrates such an entire want of care as to raise the belief that one or more of said acts was the result of Defendant's

conscious indifference to the rights or welfare of Plaintiff. As a result of such gross negligence, Plaintiff is entitled to recover exemplary damages against Defendant.

## ATTORNEYS' FEES

32.     As a result of Defendant's acts and omissions described herein Plaintiff retained the undersigned counsel and agreed to pay the undersigned counsel a reasonable fee. Plaintiff is entitled to recover attorney's fees under Texas Civil Practice & Remedies Code section 38.001.

## PRAYER

33.     Plaintiff prays that Defendant be cited to appear and answer herein and upon hearing that Plaintiff recover judgment against the Defendant for the following:

   a. actual damages;

   b. liquidated damages as allowed by the Contract;

   c. attorneys' fees for services rendered and that are allowed by law;

   d. pre- and post-judgment interest and costs;

   e. exemplary damages as allowed by law;

   f. all other relief Plaintiff may show itself entitled to in law or in equity.

Respectfully submitted,

/s/ Cara D. Kennemer
_____
Cara D. Kennemer
State Bar No. 24036489
Richard E. Schellhammer
State Bar No. 17736860
UNDERWOOD LAW FIRM, P.C.
1008 Macon Street, Suite 101
Fort Worth, TX  76102
(817) 885-7529
(817) 977-0880 facsimile
cara.kennemer@uwlaw.com
res@uwlaw.com

**ATTORNEYS FOR PLAINTIFF**